IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ACME Contracting, Ltd. | Case No. 2:07-CV-10950 |
| | |
| | Hon. Sean F. Cox |
| Plaintiff, | |
| | **DEFENDANTS TOLTEST INC. AND BERKLEY REGIONAL INSURANCE COMPANY'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE** |
| -vs- | |
| | |
| TolTest, Inc., et. al. | Richard M. Kerger (Ohio #0015864) |
| | Kimberly A. Conklin (Ohio #0074726) |
| | KERGER & ASSOCIATES |
| Defendants. | 33 S. Michigan St., Suite 100 |
| | Toledo, Ohio 43604 |
| | Telephone: (419) 255-5990 |
| | Fax: (419) 255-5997 |
| | Email: rkerger@kergerkerger.com |
| | |
| | William J. Lamping (P-30785) |
| | VESTEVICH, MALLENDER, DUBOIS & DRITSAS, P.C. |
| | 6905 Telegraph Road, Suite 300 |
| | Bloomfield Hills, Michigan 48301-3160 |
| | Telephone: (248) 642-1920 |
| | Fax: (248) 642-2095 |
| | Email: wlamping@vmddlaw.com |
| | |
| | *Counsel for Defendants* |

Now come defendants TolTest, Inc. ("TolTest") and Berkley Regional Insurance Company ("Berkley"), by and through counsel, and hereby submit this Statement of Material Facts Not in Dispute in support of their Motion for Summary Judgment, filed contemporaneously herewith.

1. TolTest, Inc. (hereinafter "TolTest") is a contractor engaged in environmental remediation, design, management, and engineering in the construction industry.  (Doc. 1, Complaint, ¶ 7; Doc. 2, Answer, ¶7.)

2. ACME Contracting, Inc. (hereinafter "Acme") is a contractor engaged in commercial and industrial demolition, excavation, and underground site work activities. (Doc. 1, Complaint, ¶ 6.)

3. Whiting-Turner Contracting Company (hereinafter "Whiting-Turner") is a construction manager based out of Atlanta, Georgia, which in January 2006 invited TolTest to bid on certain portions of a multi-phased construction project at the Georgia Tech Nanotechnology Research Center in Atlanta, Georgia.   (Affidavit of Jennifer Cook, ¶3.) **[Attachment II.]**

4. Berkley Regional Insurance Company is the surety on certain payment bonds issued to Whiting-Turner by TolTest in regards to the Georgia Tech project. (Doc. 1, Complaint, ¶ 8.)

**PHASE I: SUBCONTRACT NO 11000-01**

5. In January 2006, TolTest, through project manager Wayne Lint and Acme, through its employee Dave McDonald, collaborated to submit a bid to Whiting-Turner on the portion of the Georgia Tech project identified as "Subcontract No 11000-01: Demo/Abatement of : Neely Reactor, Electronics Research Building and Site." (Doc. 30, Deposition of Wayne Lint, p. 39, 42-43.)

6. The work plan was such that TolTest was to perform the hazardous materials abatement and Acme was to demolish the buildings and perform the related site groundwork.  (Complaint ¶12; Doc. 30, Dep. Lint, p. 80.)

7. Whiting-Turner awarded TolTest Subcontract No. 11000-01 and the final contract documents were executed on April 14, 2006. (Doc. 30, Dep. Lint, p. 80; Doc. 19-2, Affidavit of Cynthia Martin in Support of Defendant's Counter Statement of Material Facts, ¶2, Exhibit A.)

8. TolTest mobilized to the Georgia Tech site on April 17, 2006 and began its abatement work in the ERB shortly thereafter. (Doc.30, Dep. Lint, p. 80.)

9. On May 12, 2006 a fire broke out in the ERB, resulting in a one day stoppage of work by TolTest. (*Id.* at 109, 168.)

10. On or about May 31, 2006, Acme mobilized to Atlanta to commence work on the project. (*Id.* at168.)

11. On June 12, 2006 Acme signed TolTest "Purchase Order P001652", which included Attachment A: "Subcontractor Services Agreement Terms and Conditions" and "Attachment B: Scope of Work" and incorporated the terms of Whiting Turner's Subcontract No. 11000-01. These documents comprised the entire agreement between the Acme and TolTest and will hereinafter be referred to as "the Agreement". (Doc. No. 1, Complaint ¶11; Doc. No. 2, Answer ¶11; Doc 15-3, Plaintiff's Statement of Undisputed Facts; Exhibit 2.) **[Attachment III[1]]**

12. Under the Agreement, Acme was required to perform all labor, supervision, equipment and transportation to complete the Scope of Work referenced in Trade Contract 11000-01 with certain exceptions. (See Agreement, Attachment B, Scope of Work.)

---

[1] Attachment III is an unsigned, but cleaner version of the Agreement for the Court's convenience.

13. With respect to the demolition of the Electronics Research Building, Acme was to complete all tasks outlined in Paragraph B, items 1-8. (*Id.*) This section can be found on page T-18 of the Trade Contract 11000-01. (Doc. 19, Aff. Martin, Exhibit A.)

14. With respect to the demolition of the Neely Reactor, Acme was to perform all tasks outline in Paragraph B, items 8, 11-17. (Plaintiff's Exhibit 2, Doc. No. 15-3, p. 11.) This section can be found on page T-17 of the Trade Contract 11000-01. (Doc. 19, Aff. Martin, Exhibit A.)

15. According to the Agreement, at Attachment A, ¶3, the schedule would be controlled by TolTest and specifically stated that: "Subcontractor (Acme) shall not be entitled to extra compensation for any suspension, delay, or acceleration not specifically allowed and paid to TolTest by its Client (Whiting Turner)." (See Agreement.)

16. The Agreement set terms for payment at Attachment A, ¶8. Specifically, TolTest agreed to compensate Acme "as specified herein". Moreover, all invoices must be "supported by documentation that may be required by the Client (Whiting-Turner)" and "all invoices must reference the Purchase Order Number, Job Number, include an invoice number and completed and executed lien waivers to be process for payment. Incomplete invoices will be rejected and returned to the Subcontractor (Acme.). (See Agreement.)

17. According to the Agreement, Attachment A, ¶12, the validity, interpretation and performance of the terms of the Agreement are to be governed and construed according to the laws of Ohio. (See Agreement.)

18. According to the Agreement, Attachment A, ¶13, the Agreement constitutes the entire Agreement between TolTest and Acme and the terms cannot be altered, amended or appealed absent a duly executed written instrument.

19. The Agreement defined Acme's period of performance as May 30, 2006 to August 30, 2006. (See Agreement, p. 1.)

20. Acme's last day on the Georgia Tech site was October 11, 2006. (Aff. Cook, ¶ 9.)

21. Subsequent to October 11, 2006, TolTest discovered utilities during excavation activities to include piping and wire under the new building footprint. (*Id.* at ¶10.)

**22.** ACME's scope of work under the Agreement included the following: Identify all utilities under the new building footprint and demo completely regardless of depth. (Doc. 19-2, Aff. Martin, Exhibit A, Subcontract 11000-01, p. T 18, Section II(C), ¶3; as incorporated into the Agreement at Attachment B, Scope of Work.) **[Attachment IV[2].]**

23. Upon the discovery of utilities, TolTest was required to engage the services of a subcontractor to use ground penetrating radar over the entire site to ensure that all utilities had been now removed. RHD Services performed the ground penetrating radar service for $2,775.00. (Aff. Cook, ¶ 10.)

24. TolTest self-performed the removal of the remaining utilities at a cost of $5,650.37. (*Id.* at ¶ 11.)

25. According to the Agreement, the base amount TolTest would pay Acme was $1,010,018.00. (Agreement, p. 2.)

26. During the project, a total of ten "change orders" were issued in compliance with the Agreement, which changed the base contract amount to $944,089.66. (Doc. 19-2, Aff. Martin, ¶ 7, Exhibit E.)

---

[2] For the Court's convenience, Attachment IV is a copy of the Specific Scope of Work portion of Whiting Turner Subcontract 11000-01, incorporated by reference in the Agreement.

27. To date, TolTest has paid Acme $595,402.93, for work performed through August 31, 2006 as reflected in payments made under Acme's applications 1 through 4. (Doc. 20, Affidavit of Sue Bagdonas, ¶2-3, Exhibit A; Doc. 19, Aff. Martin, ¶6.)

28. TolTest rejected Acme's payment applications 5-7 because the amounts requested in the applications did not account for the change orders and were not accompanied by appropriate lien waivers for Acme or its subcontractors. (Doc. 19, Aff. Martin, ¶6, 10.)

29. Without Acme's lien waivers, Whiting-Turner refused to pay TolTest until it could obtain a release from its surety. Whiting Turner released a payment to TolTest's on January 22, 2007. (*Id.* at ¶10.)

30. To date, Acme has not submitted properly supported pay applications with executed waivers to TolTest for any work performed on the Project after August 31, 2006. (*Id.* at ¶6, 10.)

### PHASE TWO: TRADE CONTRACT 11000-04

31. On or about April 6, 2006, Whiting-Turner invited TolTest to bid on a separate groundwork, grading, and shoring phase of the Georgia Tech project. (Aff. Cook, ¶ 4, Exhibit B.)

32. TolTest and Acme again collaborated on bidding this second phase, though this time Acme would perform 100% of the work and TolTest would perform only a supervisory role. (Doc. 30, Dep. Lint, p. 84, 88-89.)

33. On or about May 22, 2006, Acme submitted a bid to TolTest for $1,517,349 to perform the work and TolTest in turn submitted a bid to Whiting-Turner using Acme's bid. (Doc. 30, Dep. Lint, p. 88; Aff. Cook, ¶5, Exhibit C.)

34. Whiting-Turner accepted TolTest's bid and or about July 11, 2006, TolTest entered into a second subcontract with Whiting-Turner: Subcontract Number 11000-04 for "Grading and Site Utilities". (Doc 19, Aff. Martin, ¶ 5.)

35. On August 2, 2006, TolTest submitted a Purchase Order to Acme but Acme did not sign the document or otherwise enter into an agreement with TolTest in accordance with its previous bid. (Doc. 19, Aff. Martin, ¶ 5; Aff. Cook, ¶ 6, Exhibit D.)

36. Despite not having an agreement with TolTest, on July 27, 2006 Acme commenced work on Sector 1, the relevant area under TolTest and Whiting-Turner's Subcontract contract 11000-04. (Doc. 30, Dep. Lint, p. 98-99, 101.)

37. According to daily reports compiled and submitted by Acme, Acme performed work on Sector 1, an area outside the scope of Subcontract 11000-01 on the following days: July 27, 2006, August 2, 2006, August 3, 2006, August 4, 2006 Acme and August 7, 2006. (Aff. Cook, ¶ 7.)

38. At no time did Acme submit time and materials tickets for work (Doc. 30, Dep. Lint, p.100.)

39. Other than the daily reports, Acme has not provided TolTest a breakdown of Sector 1 time and materials for the above referenced days or for any work performed outside the scope of Purchase Order P001652 and Subcontract 11000-01 that has otherwise been unpaid. (Aff. Cook, ¶ 8.)

40. Acme's hourly labor rates for the project are specified under Whiting Turner Trade Contract 11000-01 at Exhibit I, page T-34 through T 35-5. Acme's equipment

rates for the project are specified under Whiting Turner Trade Contract 11000-01 at Exhibit I, page T-39-1.  (Doc. 19-2, Aff. Martin, Exhibit A, ¶3) **[Attachment V]** [3]

41. After Acme left the Georgia Tech site, TolTest had to mobilize crews from its self performing unit out of Oden, Indiana to perform Subcontract 11000-04. (Doc. 29, Deposition of Lance Parsons, p. 30-31.)

42. Based on the base contract price (net change orders 1-10) of 944,089.66, less the $595,402.93 paid and the $8,425.37 for the utilities correction, plus the $5,427.95 for Acme's work on a time and materials basis,  TolTest, Inc. currently owes Acme $345,689.31 on work Acme performed at the Georgia Tech Nanotechnology Research Center Project.

                Respectfully submitted,

                RICHARD M. KERGER (0015864)
                KIMBERLY A. CONKLIN (0074726)

                By:   /s/ Kimberly A. Conklin

                KERGER & ASSOCIATES
                33 S. Michigan St., Suite 100
                Toledo, Ohio 43604
                Telephone: (419) 255-5990
                Fax: (419) 255-5997
                Email: rkerger@kergerkerger.com

                William J. Lamping, Esq. (P- 30785)
                VESTEVICH, MALLENDER, DUBOIS
                  & DRITSAS. P.C.
                6905 Telegraph Road, Suite 300
                Bloomfield Hills, Michigan 48301
                Telephone: (248) 642-1920
                Fax: (248) 642-2095
                Email: wlamping@vmddlaw.com

                *Counsel for Defendants*

---

[3] For the Court's convenience, Attachment V is a copy of Acme's labor and equipment schedule from Whiting Turner Subcontract 11000-01, incorporated by reference in the Agreement.

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing has been electronically filed this 25th day of October, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and in accordance with local rules and the Federal Rules of Civil Procedure.

                          /s/ Kimberly A. Conklin