## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ACME Contracting, Ltd. | ) | Case No.  2:07-CV-10950 |
| | ) | Hon. Sean F. Cox |
| Plaintiff, | ) | |
| | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| -vs- | ) | |
| | ) | Richard M. Kerger (Ohio #0015864) |
| TolTest, Inc., et. al. | ) | Kimberly A. Conklin (Ohio #0074726) |
| | ) | KERGER & ASSOCIATES |
| Defendants. | ) | 33 S. Michigan St., Suite 100 |
| | ) | Toledo, Ohio 43604 |
| | ) | Telephone: (419) 255-5990 |
| | ) | Fax: (419) 255-5997 |
| | ) | Email: rkerger@kergerkerger.com |
| | ) | |
| | ) | William J. Lamping (P-30785) |
| | ) | VESTEVICH, MALLENDER, |
| | ) | DUBOIS & DRITSAS, P.C. |
| | ) | 6905 Telegraph Road, Suite 300 |
| | ) | Bloomfield Hills, Michigan 48301-3160 |
| | ) | Telephone: (248) 642-1920 |
| | ) | Fax: (248) 642-2095 |
| | ) | Email: wlamping@vmddlaw.com |
| | ) | |
| | ) | *Counsel for Defendants* |
| | ) | |

Now come defendants TolTest, Inc. and Berkley Regional Insurance Company, by and through counsel, and hereby move for Summary Judgment pursuant to Federal Civil Rule 56(C) on all claims asserted in Plaintiff's Complaint.  A memorandum in support follows.

Respectfully submitted,

RICHARD M. KERGER (0015864)
KIMBERLY A. CONKLIN (0074726)

By: /s/ Kimberly A. Conklin

KERGER & ASSOCIATES
33 S. Michigan St., Suite 100
Toledo, Ohio 43604
Telephone: (419) 255-5990
Fax: (419) 255-5997
Email: rkerger@kergerkerger.com

William J. Lamping, Esq. (P- 30785)
VESTEVICH, MALLENDER, DUBOIS
& DRITSAS. P.C.
6905 Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48301
Telephone: (248) 642-1920
Fax: (248) 642-2095
Email: wlamping@vmddlaw.com

*Counsel for Defendants*

## TABLE OF CONTENTS

TABLE OF CONTENTS ...........................................................................................................iii

TABLE OF AUTHORITIES ....................................................................................................iv

ISSUES PRESENTED .................................................................................................................v

BRIEF IN SUPPORT ..................................................................................................................1

    I.     Introduction ......................................................................................................................1

    II.    Law & Argument.............................................................................................................2

        A.    Plaintiff's Claim for Breach of Contract is Without Merit...........................................2

        B.    Plaintiff's Fraud Claim is Without Merit......................................................................4

        C.    Plaintiff's Innocent Misrepresention Claim is Without Merit ....................................5

        D.   Plaintiff Has Failed To Establish Entitlement To Payment Under A Theory  Of Quantum Meruit ....................................................................................................................................6

        E.    Plaintiff Has Failed To Establish An Account Stated ................................................7

    III.    Conclusion.....................................................................................................................8

CERTIFICATE OF SERVICE ...............................................................................................9

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Aetna Cas. & Sur. Co. v. Dow Chemical Co.,* 883 F. Supp. 1101 (E.D. Mich. 1995) .................................4

*Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146 ..............3

*Allen v. McKibbin,* 5 Mich. 449, 454 (1858) ..............................................................................................6

*Allmand Associates, Inc. v. Hercules Inc.,* 960 F. Supp. 1216, 34 U.C.C. Rep. Serv. 2d 353 (E.D. Mich.

  1997) .......................................................................................................................................................4

*Belle Isle Grill Corp v. Detroit,* 256 Mich.App 463, 477; 666 NW2d 271 (2003) ......................................5

*Biagini v. Mocnik,* 369 Mich. 657, 659; 120 NW2d 827 (1963) ................................................................6

*Emps.' Liab. Assur. Corp. v. Roehm* (1919), 99 Ohio St. 343, 124 N.E. 223 ...........................................3

*Foodland Distributors v. Al-Naimi,* 220 Mich.App 453, 457, 459; 559 NW2d 379 (1996) .......................5

*Gulf Ins. Co. v. Burns Motors, Inc.* (Tex.2000), 22 S.W.3d 417, 423 ......................................................3

*Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.* (1999), 86 Ohio St.3d 270, 273, 714 N.E.2d 898 ..............3

*Kaunitz v. Wheeler,* 344 Mich. 181, 185, 73 N.W.2d 263 (1955) .............................................................8

*Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411 ..............................3

*Keywell & Rosenfeld v. Bithell,* 254 Mich.App. 300, 331, 657 N.W.2d 759 (2002) ................................ 6, 7

*Lawrence v. Lorain Cty. Community College* (1998), 127 Ohio App.3d 547, 548-549 .....................................2

*M & D, Inc v. W B McConkey,* 231 Mich.App 22, 26-27; 585 NW2d 33 (1998) ........................................5

*Morris Pumps v. Centerline Piping, Inc,* 273 Mich.App 187, 194; 729 NW2d 898 (2006) ..........................6

*United States Fidelity & Guaranty Co. v. Black,* 412 Mich. 99, 118, 313 N.W.2d 77 (1981) ........................5

*Watkins v. Ford,* 69 Mich. 357, 361, 37 N.W. 300 (1888) ........................................................................7

*White v. Campbell,* 25 Mich. 463, 468 (1872) .........................................................................................8

## ISSUES PRESENTED

The issues in this case simply put, whether or not there are sufficient facts on the

record such that Plaintiff can establish:

1) that TolTest breached its contract with Acme;
2) that TolTest  fraudulently or innocently induced Acme into signing a contract by promising to pay for its services;
3) that Acme is entitled to $2,310,000 under theories of account stated, quantum meruit.

**BRIEF IN SUPPORT**

**I.      INTRODUCTION**

As set forth in the Defendants' Statement of Material Facts Not in Dispute, filed

contemporaneously herewith and incorporated as if fully restated herein, the current dispute arises

out of a construction subcontract agreement between Defendant TolTest and Plaintiff Acme

whereby TolTest was to pay Acme $1,010,018.00 to perform demolition and site excavation work at

the Georgia Tech Nanotechnology Research Center in Atlanta, Georgia, hereinafter referred to as

"the Project."

TolTest and Acme collaborated to bid on two phases of the Project.  The first phase

consisted generally of the hazardous materials abatement and demolition of two structures, the

Electronics Research Building and the Neely Reactor. General Contractor Whiting Turner awarded

this phase to TolTest via Subcontract No. 11000-01.  TolTest was to perform the materials

abatement and Acme was to perform all other work.  The Agreement between Acme and TolTest

relative to Subcontract No. 11000-01 is represented by Purchase Order P001652, dated June 12,

2006

The second phase involved Whiting Turner Subcontract 11000-04: Grading, Shoring and

Site Utilities.  Acme bid this phase intending to perform 100% of the work and TolTest in turn

submitted Acme's bid intending its only role to be oversight.  Whiting-Turner awarded TolTest

Subcontract 11000-04 but Acme backed out of their bid and refused to enter into an agreement with

TolTest.  Though it would not commit to a contract, Acme did undertake to perform some limited

amount of work outside of the scope of Subcontract 11000-01.  Acme left the site not having

completed work on phase one and left TolTest to self-perform phase two.

1

Remarkably, despite the fact that Acme backed out of its bid on phase two and left the job site without completing its work on phase one, Acme's complaint seeks judgment against Defendants TolTest and TolTest's surety, Berkley, jointly and severally, for $2,310,648.14 based on six separate counts:  1) claim on payment bond; 2) breach of contract; 3) quantum meruit; 4) account stated; 5) fraud; and 6) innocent misrepresentation.  (See Doc. 1, Complaint.)

Acme cannot prevail on its claims.  With respect to Subcontract No. 11000-01, the terms of the parties' Agreement controls the relationship and there is not one provision in that Agreement under which Acme is entitled to anything close to what they have demanded.  TolTest has committed no breach.  Regarding Subcontract No. 11000-04, Acme failed to honor its bid and enter into a contract.  If Acme performed work outside the scope of Subcontract No.  11000-01 it is, at most, entitled to be compensated for the time and materials it expended.  However, Acme has failed to provide time and materials tickets, daily reports or invoices sufficient to evince a benefit conferred on TolTest for which payment is due and owing.  The rest of Plaintiff's claims fail as a matter of law for there are no facts on the record to establish fraud or innocent misrepresentation.

 For these reasons, which will be set forth in more detail below, Defendants pray that the Plaintiff's Complaint be dismissed with prejudice.

## II.    LAW & ARGUMENT

### A.    Plaintiff's Claim for Breach of Contract is Without Merit

The validity, interpretation and performance of the Acme/TolTest Agreement are governed by Ohio law.  (Statement of Material Facts, ¶17.)  Under Ohio law, to establish a breach of contract a plaintiff must demonstrate by a preponderance of the evidence: (1) that a contract existed; (2) that the plaintiff fulfilled its obligations; (3) that the defendant failed to fulfill its obligations; and (4) that damages resulted from this failure. *Lawrence v. Lorain Cty. Community College* (1998), 127 Ohio App.3d 547, 548-549.

When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.* (1999), 86 Ohio St.3d 270, 273, 714 N.E.2d 898, citing *Emps.' Liab. Assur. Corp. v. Roehm* (1919), 99 Ohio St. 343, 124 N.E. 223, syllabus. See, also, Section 28, Article II, Ohio Constitution. Courts examine the contract as a whole and presume that the intent of the parties is reflected in the language used. *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. Courts look to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph two of the syllabus. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. *Id.* As a matter of law, a contract is unambiguous if it can be given a definite legal meaning. *Gulf Ins. Co. v. Burns Motors, Inc.* (Tex.2000), 22 S.W.3d 417, 423.

Here, Acme does not allege that TolTest violated any provision of the Agreement. Rather, Acme's breach claim is based soley on TolTest's refusal to pay the $2,310,000, but this figure has no basis in contract. The Agreement provided that TolTest would pay $1,050,018.00 to Acme for work peformed under Subcontract 11000-01 and thus far, TolTest has paid $595,402.93 of that sum. (Complaint, ¶¶57, 59.) During the project, a total of ten "change orders" were issued in compliance with the Agreement and without objection by Acme, changing the base contract amount to $944,089.66. (Statement of Facts, ¶26-27.) Therefore, the *most* TolTest could possibly owe Acme is $348,686.73.

Acme does not point to a contractual obligation in support of its claim for 2 million dollars, but instead alleges that in *addition* to its contractual obligations, it peformed additional work and incurred additional expenses in the amount of $1,900,000. (Complaint, ¶58.) However, the

Agreement allows for no such "additions" absent approved change orders.  According to the

Agreement, at Attachment A, ¶3, "Subcontractor (Acme) shall not be entitled to extra compensation

for any suspension, delay, or acceleration not specifically allowed and paid to TolTest by its Client

(Whiting Turner)." (See Agreement.)

   With respect to Acme's pay applications submitted for work performed after August 31,

2006, TolTest rejected those applications in accordance with the Agreement because the amounts

requested did not account for the approved change orders and were not also accompanied by

appropriate lien waivers for Acme or its subcontractors. (Statement of Facts, ¶28.)  According to the

Agreement at Attachment A, ¶8, all invoices must be "supported by documentation that may be

required by the Client (Whiting-Turner)" and "all invoices must reference the Purchase Order

Number, Job Number, include an invoice number and completed and executed lien waivers to be

process for payment. Incomplete invoices will be rejected and returned to the Subcontractor

(Acme.)"  (Statement of Facts, ¶16.)  Acme has still  not submitted properly supported pay

applications with executed lien waivers (Statement of Facts, ¶30) and therefore, TolTest is not under

a current obligation to pay Acme anything further until the conditions precedent have been met.

   **B.     Plaintiff's Fraud Claim is Without Merit**

   According to Michigan law[1], actionable fraud consists of the following elements: (1) the

defendant made a material representation; (2) the representation was false; (3) when the defendant

made the representation, the defendant knew that it was false, or made it recklessly, without

knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the

intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the

plaintiff suffered damage.  *Belle Isle Grill Corp v. Detroit,* 256 Mich.App 463, 477; 666 NW2d 271

---

[1] Tort claims are determined according to the law of the forum, unless there is a rational reason to displace the forum's law. *Allmand Associates, Inc. v. Hercules Inc.,* 960 F. Supp. 1216, 34 U.C.C. Rep. Serv. 2d 353 (E.D. Mich. 1997); *Aetna Cas. & Sur. Co. v. Dow Chemical Co.,* 883 F. Supp. 1101 (E.D. Mich. 1995).

(2003).  Fraud must be established by clear and convincing evidence, rather than a preponderance of

the evidence, and may never be presumed.  *Foodland Distributors v. Al-Naimi,* 220 Mich.App 453, 457,

459; 559 NW2d 379 (1996).

The essense of Acme's fraud claim is that  TolTest induced it into entering into a contract by

representing that it would make full payment for work rendered in a timely fashion.  (Complaint,

¶79.)  Simply put, there is no evidence on the record that this statement was false.  Indeed, TolTest

*has* paid Acme more than half the contract amount and has only refused further payment because

Acme has failed to provide lien waivers for itself and its subcontractors and because Acme

continutes to demand the ludicrous sum of 2 million dollars.  Refusing to pay a sum not properly

due and owing is not fraud nor does it evince any falsity to a previous promise to pay.

Not only did TolTest not mistate the truth when it promised to pay, TolTest's promise was

limited to the amount "as specified" in the Agreement.  (Statement of Facts, ¶16.)  TolTest never

promised to pay Acme 2 million dollars or any amount over and above the contract price.  Thus,

Acme cannot prevail on its claim for fraud.

### C.      Plaintiff's Innocent Misrepresention Claim is Without Merit

A claim of innocent misrepresentation is similar to fraud and shown where a party

detrimentally relies upon a false representation in such a manner that the injury suffered by that

party inures to the benefit of the party who made the representation.  *M & D, Inc v. W B McConkey,*

231 Mich.App 22, 26-27; 585 NW2d 33 (1998), citing *United States Fidelity & Guaranty Co. v. Black,*

412 Mich. 99, 118, 313 N.W.2d 77 (1981).  The innocent misrepresentation rule represents a species

of fraudulent misrepresentation but has, as its distinguished characteristics, the elimination of the

need to prove a fraudulent purpose or an intent on the part of the defendant that the

misrepresentation be acted upon by the plaintiff, and has, as added elements, the necessity that it be

shown that an unintentionally false representation was made in connection with the making of a

5

contract and that the injury suffered as a consequence of the misrepresentation inure to the benefit

of the party making the misrepresentation.  *Id.* at p. 28.  Thus, the party alleging innocent

misrepresentation is not required to prove that the party making the misrepresentation intended to

deceive or that the other party knew the representation was false.  *Id.*

  Here,  Acme alleges that in order to induce it into entering into a contract, TolTest

represented that it would make full payment for work rendered in a timely fashion and that its failure

to do so constitutes actionable innocent misrepresentaion.  (Complaint, ¶79.)  As with its  fraud

claim, Acme's innocent misrepresentation claim is based soley on TolTest's refusal to pay the

exorbant amount Acme demands.  But here again, the record is void of *any* false representation by

TolTest, unintentional or otherwise.  Like the fraud claim, the claim for innocent misrepresentation

fails because TolTest *never* promised to pay Acme the amount it seeks.

**D.      Plaintiff Has Failed To Establish Entitlement To Payment Under A Theory Of Quantum Meruit**

Quantum Meruit is an implied contract to pay a plaintiff for a benefit received by a defendant

that would be inequitable not to pay for.  *Keywell, supra* at 327-330, 657 N.W.2d 759; *Allen v.*

*McKibbin,* 5 Mich. 449, 454 (1858).  "The theory underlying quantum meruit recovery is that the law

will imply a contract in order to prevent unjust enrichment when one party inequitably receives and

retains a benefit from another."  *Morris Pumps v. Centerline Piping, Inc,* 273 Mich.App 187, 194; 729

NW2d 898 (2006).  However, a party may not recover against another under a theory of quantum

meruit if it entered into an express contract with that party, even if the parties disagreed regarding

the terms of the contract.  *Biagini v. Mocnik,* 369 Mich. 657, 659; 120 NW2d 827 (1963).

Here again, Acme claims that it entitled to payment because it peformed work and TolTest

has refused to pay Acme for said work.  (Complaint, ¶¶ 64-69.)  Acme cannot recover under a

theory of quantum meruit with respect to Subcontract 11000-01 because there is an express contract in effect that controls the relationship and obligations of the parties.

TolTest does not dispute that Acme might be entitled to some amount of compensation for work peformed outsrde the scope of Subcontract 11000-01.  But thus far, Acme has not produced any time and materials tickets, daily reports or any other type of statement substantiating a valid time and materials claim.  Instead, Acme submitted an unsubstainted invoice claiming to be owed more than $300,000 for time and materials work.  (Doc. 15, Acme's Statement of Material Facts Not in Dispute filed in Support of its Motion for Partial Summary Judgment, Exhbit 7.)

According to its own daily reports, Acme peformed work on Sector 1 (an area outside the scope of Subcontract 11000-01) on only five separate days.   Acme also worked on Subcontract 11000-01 duties on thoese days and so the number of hours and materials expended on Sector 1 is not apparent on the face of the document.  What is apparent is however is that that number is not anything close to $300,000.

Quantum meruit is not a blank check.  Acme may be correct that it is entitled to be compensated for time and materials work it peformed outside the boundary of a contract, but to prevail Acme has the burden of demonstrating with particularity the amount of the benefit retained by TolTest.  Acme has failed to meet its burden and as such, its claim for quantum meruit should be dismissed.

### E.      Plaintiff Has Failed To Establish An Account Stated

It is well stated Michigan law that an account stated consists of a "balance struck between the parties on a settlement...." *Keywell & Rosenfeld v. Bithell,* 254 Mich.App. 300, 331, 657 N.W.2d 759 (2002), quoting *Watkins v. Ford,* 69 Mich. 357, 361, 37 N.W. 300 (1888).  "[W]here a plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance." *Id.*  In *Kaunitz v.*

*Wheeler,* 344 Mich. 181, 185, 73 N.W.2d 263 (1955), quoting from *White v. Campbell,* 25 Mich. 463, 468 (1872), the Michigan Supreme Court explained as follows:

> "The conversion of an open account into an account stated is an operation by which the parties *assent* to the sum as the correct balance due from one to the other; and whether this operation has been performed or not, in any instance, must depend upon the facts. That it has taken place, may appear by evidence of an express understanding, or of words and acts, and the necessary and proper inferences from them. When accomplished, it does not necessarily exclude all inquiry into the rectitude of the account." [Emphasis in original.]

Here, Acme's complaint included an affidavit from corporate representative, Michael Bates, indicating that TolTest owed Acme $2,310,648.14 "because the statements on the cause were sent to TolTest who received and retained the most recent statement without objecting to it." (Complaint, Exhibit 11.)   Mr. Bates' assertion is patently false since TolTest did, on several occasions, object to the various invoices and pay applications sent to TolTest.  (See Answer, ¶¶72-77.)  Moreover, there is nothing on the record indicating any "balance struck between the parties on a settlement" for any amount much less $2.5 million.

## III.   CONCLUSION

Acme cannot prevail on its claims based on the facts on the record.  Any obligation that TolTest owes Acme is clearly governed by the unambiguous terms of the Agreement.  There is no evidence that TolTest made any material misrepresentations to TolTest, intentional or otherwise, regarding its intent to remit payment pursuant to the Agreement.  Nor is there evidence sufficient to establish payment for any amount under theories of quantum meruit or account stated.  For these reasons, Defendants respectfully requests that the Court issue an order, dismissing the Plaintiff's Complaint.

Respectfully submitted,

RICHARD M. KERGER (0015864)
KIMBERLY A. CONKLIN (0074726)


By: /s/ Kimberly A. Conklin


Kerger & Associates
33 S. Michigan St., Suite 100
Toledo, Ohio 43604
Telephone: (419) 255-5990
Fax: (419) 255-5997
Email: rkerger@kergerkerger.com

William J. Lamping, Esq. (P- 30785)
VESTEVICH, MALLENDER, DUBOIS
  & DRITSAS. P.C.
6905 Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48301
Telephone: (248) 642-1920
Fax: (248) 642-2095
Email: wlamping@vmddlaw.com

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed this 25th day of October 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and in accordance with local rules and the Federal Rules of Civil Procedure.


/s/ Kimberly A. Conklin


9