# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ACME Contracting, Ltd. | Case No. 2:07-CV-10950 |
| | |
| | Hon. Sean F. Cox |
| Plaintiff, | |
| | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED FINAL ORDER** |
| -vs- | |
| | Richard M. Kerger (Ohio #0015864) |
| | Kimberly A. Conklin (Ohio #0074726) |
| TolTest, Inc., et. al. | KERGER & ASSOCIATES |
| | 33 S. Michigan St., Suite 100 |
| | Toledo, Ohio 43604 |
| Defendants. | Telephone: (419) 255-5990 |
| | Fax: (419) 255-5997 |
| | Email: rkerger@kergerkerger.com |
| | |
| | William J. Lamping, Esq. (P-30785) |
| | VESTEVICH, MALLENDER, DUBOIS & DRITSAS, P.C. |
| | 6905 Telegraph Road, Suite 300 |
| | Bloomfield Hills, Michigan 48301-3160 |
| | Telephone: (248) 642-1920 |
| | Fax: (248) 642-2095 |
| | Email: wlamping@vmddlaw.com |
| | |
| | *Counsel for Defendants* |

Now come defendants TolTest, Inc. ("TolTest") and Berkley Regional Insurance Company ("Berkley"), by and through counsel, and make the following objections to Plaintiff's proposed final order.

I. **PLAINTIFF'S PROPOSED PARAGRAPH 1: TOLTEST AND BERKLEY SHALL BE JOINTLY AND SEVERALLY LIABLE TO ACME IN THE AMOUNT OF $2,025,330.65 FOR ACTUAL DAMAGES INCURRED FOR WORK PERFORMED BY ACME BUT NOT YET PAID FOR BY TOLTEST, AND FOR DELAYS ENCOUNTERED AT THE GEORGIA TECH NANOTECHNOLOGY RESEARCH CENTER IN ATLANTA, GEORGIA, AND COSTS THEREON;**

**DEFENDANTS' RESPONSE**:  Defendants do not object to the substance of the paragraph but make the following suggestion as to form so that the language more accurately reflects the Court's findings:

"TolTest and Berkley shall be jointly and severally liable to ACME in the amount of $2,025,330.65 for actual damages in accordance with the Court's Opinion of May 5, 2008 and costs thereon."

II. **PLAINTIFF'S PROPOSED PARAGRAPH 2:  TOLTEST AND BERKLEY SHALL BE JOINTLY AND SEVERALLY LIABLE TO ACME FOR COMMON LAW INTEREST, FROM JULY 31, 2006 THROUGH JANUARY 31, 2007, PURSUANT TO MCL §438.31 AND MCL §438.7, IN THE AMOUNT OF $51,326.87**

**DEFENDANTS' RESPONSE**:   Objection. The Court did not award Acme $51,326.87 in "common law interest" and Acme did not plead or prove the same.

Michigan statutory law allows for pre-judgment interest automatically on "money judgments" from the date a plaintiff files a complaint through the date of final judgment. MCL §600.6013.   However, at the common law, "pre-filing" interest may be awarded as an element of damages separate and apart from statutory post-judgment and pre-judgment interest. *Trooper Jake, Inc. v. Auto-Owners Ins. Co.*,  No. 253787, 2005 WL 1923120 (Mich.App. 2005),  citing *Gordon Sel-Way v. Spence Bros, Inc,* 438 Mich. 488, 499; 475 NW2d 704 (1991). This means that just as any other element of damages, the matter must be pled, proved and awarded by the Court.   Here, the only interest Acme pled and proved was the interest associated with its line of credit and this amount is already included in the Court's award of $2,025,330.65. (See Opinion, p. 30.)

Further objecting, it is unclear how Acme has arrived at the $51,326.87 figure. Acme uses the rates and terms set forth in MCL §438.31 or MCL §438.7, but calculates the

"common law interest" from the arbitrary date of July 31, 2006. This date appears to have no significance and is actually several months before Acme finished its work on the job site, submitted payment applications or demanded delay damages.

Finally, TolTest objects to the application of Michigan law to any amount of damages awarded under Subcontract 11000-01. The contract included a choice of law provision designating Ohio law and therefore, for reasons set forth in more detail in the next section, any damages stemming from the breach of contract must flow from sound Ohio law.

**PLAINTIFF'S PROPOSED PARAGRAPH 3: TOLTEST AND BERKLEY ARE ALSO JOINTLY AND SEVERALLY LIABLE TO ACME FOR PREJUDGMENT INTEREST, PURSUANT TO MCL §600.6013, IN THE AMOUNT OF $147,211.12 FROM FEBRUARY 1, 2007 THROUGH MAY 19, 2008, AND WHICH SHALL CONTINUE TO ACCRUE UNTIL ENTRY OF THIS JUDGMENT AT A *PER DIEM* RATE OF $295.90; AND**

**DEFENDANTS' RESPONSE**: Objection. Ohio law controls the award of prejudgment interest stemming from the contract between Acme and TolTest.

In diversity cases, state law governs an award of prejudgment interest. *Clissold v. St. Louis-San Francisco Rwy. Co.,* 600 F.2d 35, 39 n. 3 (6th Cir.1979); *FDIC v. First Heights Bank, FSB,* 229 F.3d 528, 542 (6th Cir.2000). The question here is whether to apply Michigan law, the law of the forum, or Ohio law, the law of the contract, to determine the appropriate amount of said interest. This issue is significant since Ohio and Michigan employ different concepts of prejudgment interest. In Ohio, prejudgment interest on a breach of contract claim runs from the date the money became "due and owing" through the date of final judgment. Ohio Revised Code §1343.03(A). In Michigan, prejudgment interest runs from the date of filing the complaint, through the date of final judgment. MCL §600.6013.

Sixth Circuit case law indicates that Ohio law should be applied to the determination of pre-judgment interest for all damages awarded under the Ohio contract. In *Truform, Inc. v.*

3

*General Motors Corp.*, 80 Fed.Appx. 968 (6th Cir.2003), a contract case brought in a federal court in Ohio, but from a contract governed by Michigan law, the Sixth Circuit held that it was appropriate to apply Michigan law regarding pre-judgment interest.  In that decision, the *Truform* court relied on the Sixth Circuit's previous holding in *FDIC v. First Heights Bank, FSB,* 229 F.3d 528, 542 (6th Cir.2000):

> In ***First Heights,*** **a federal district court in Michigan tried a breach of contract action under Texas law. We concluded that the district court properly considered the Texas rate, rather than the Michigan rate, to determine the prejudgment interest on the damages awarded for breach of contract.** ***Id.*** **at 542-43. The circumstances in** ***First Heights*** **directly parallel the circumstances in this case, and accordingly, we reach a parallel conclusion. The district court did not err when it used the Michigan rate, rather than the Ohio rate, to calculate the prejudgment interest.**

More recently, in *Popovich v. Sony Music Entertainment, Inc.*, 508 F.3d 348 (6th Cir.2007), the Sixth Circuit applied New York law of pre-judgment interest to a contract with a New York choice of law provision even though the action arose in federal court in Ohio.

Here, the court awarded Acme the following amounts as a consequence of the written Agreement between TolTest and Acme (Whiting-Turner Subcontract 11000-01); $408,869.00 for work performed under the 01-Contract, $272,005.58 in delay damages for the delay relating to Acme's work in the ERB, $816,709.57 in delay damages for the delay relating to Acme's work in the Neely Reactor; $136,800.00 in interest that Acme had to pay as a result of TolTest improperly withholding payment from Acme.     Based on the above, any awards of pre-judgment interests on these amounts should be governed by Ohio law.

In Ohio the award of prejudgment interest for breach of contract is governed by Ohio Revised Code §1343.03(A).  *Galmish v. Cicchini,* 90 Ohio St.3d 22, 33, 734 N.E.2d 782. Ohio Revised Code 1343.03(A) provides:

4

> **"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, <u>when money becomes due and payable</u> upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, \*\*\*."** (Emphasis added.)

In turn, R.C. 5703.47 provides that the tax commissioner will set the interest rate annually. On October 15, 2007, the tax commissioner gave notice that the 2008 rate of interest on amounts calculated pursuant to R.C. 5703.47 is 8%. (See *In the matter of Determination of the Interest Rate pursuant to R.C. 5703.47*, October 15, 2007.)  **[Exhibit A]**  R.C. 1343.03 does not stipulate whether pre-judgment interest shall be calculated as simple or compounding and the Ohio Supreme Court has not addressed this issue directly. However, the prevailing authority is that simple interest is to be used when there is no specific agreement to compound interest or a statutory provision authorizing the compound interest. *Berdyck v. Shinde* (1998), 128 Ohio App.3d 68, 87, 713 N.E.2d 1098.

Once a plaintiff obtains a judgment on a breach of contract claim, the only remaining factual determination for the trial court is the day the claim became due and payable. *J. Richard Industries, Lp v. Stanley Machining, Inc.*, Lucas App. No. L-03-1024, 2004-Ohio-3804, 2004 WL 1595196, citing *Slack v. Cropper*, 143 Ohio App.3d 74, 85, 757 N.E.2d 404 (2001). See also *Cincinnati Ins. Co. v. First Natl. Bank of Akron*, 63 Ohio St.2d 220, 226, 407 N.E.2d 519 (1980). Defendants therefore do not dispute that Acme is entitled to interests on amounts awarded under Subcontract 11000-01 from the day that they became "due and payable" under

the contract. Defendants offer the following calculations of the proper amount of prejudgment interest due.

1.  **Work performed under the 01-Contract**

In its findings of fact, the Court concluded that TolTest had been fully paid by Whiting-Turner and therefore wrongfully rejected Acme's payment applications five through seven. (See Opinion, p.20.) The Court did not make a finding regarding the date Whiting-Turner paid TolTest for the work performed by Acme. However, the documents in evidence show that Whiting Turner refused to release payment to TolTest due to the absence of Acme lien waivers until January 12, 2007. (Joint Exhibits 201-202) According to the Agreement between Acme and TolTest, TolTest then had ten days to submit payment to Acme, making payment due on January 22, 2007. (Joint Exhibit 31, Attachment A, Paragraph 8.) Prejudgment interest on the award of $408,869.00 should run from January 22, 2007 through the date of final judgment. The proper calculation of pre-judgment interest is as follows:

> Court Award: $408,869.00
>
> 8% per annum = $32, 709.52
>
> $32, 709.52 x 1.37 years (16.5 months- January 22, 2007 - June 22, 2008)
>
> **Pre-Judgment Interest Due: $ 44,812.04**

2.  **Delay Damages.**

The Court concluded that TolTest owed Acme $1,543,715.15 in delay damages stemming from Acme's work in the ERB and Neely Reactor. The Court made no finding as to when these damages became due. Pre-judgment interest accrues from the time the amount of the debt is clear and certain. *Allied Erecting & Dismantling Co. v. Auto Baling Co.* (1990), 69

Ohio App.3d 502, 507, 591 N.E.2d 259; *Local Marketing Corp. v. Prudential Ins.* Co., 824 N.E.2d 122.

Delay damages never became due and owing under the contract because 1) Acme never notified TolTest in writing of delays on the project, 2) Acme failed to comply with the Contract to obtain delay damages and 3) According to the Agreement, Acme was not entitled to money damages for delay. While the Court ultimately ruled that the provision of the Agreement regarding delay damages was void and unenforceable as a matter of law, there is no dispute that prior to the Court's findings, the contract precluded an award for money damages unless approved and paid by the client. Therefore, when Acme submitted its demand for delay damages to TolTest in January 2007, TolTest properly determined that the amount was not "due and owing under the contract." Indeed, the delay damages did not become "due and owing" until the Court ruled that the contract term was unenforceable. For this reason and the reasons previously stated, Acme is not entitled to pre-judgment interest on the Court's award for delay damages.

### 3. Line of Credit Interest

The Court ruled that TolTest owed Acme $136,800.00 as a result of interest Acme paid because TolTest improperly withheld payments. The Court did not issue a finding as to when these amounts became due and there is no evidence that Acme ever demanded this amount from TolTest, not even in its January 2, 2007 "Request for Equitable Adjustment." (See Joint Exhibit 12.) Nor is there any evidence on the record as to the dates Acme had to pay this interest or if Acme actually did pay the interest. There is certainly nothing in the Agreement between Acme and TolTest which would entitle Acme to be compensated for any

business loans it had to procure. For all the reasons stated, the $136,800.00 never became "due and payable" under the contract. Thus, in accordance with Ohio Revised Code 1343.03(A), Acme is not entitled to prejudgment interest on this amount.

    **4.** **Quantum Meruit Damages**

With respect the amount awarded for work Acme performed on a time and materials basis, Defendants do not object to the application of MCL §600.6013 which would result in the following calculation:

    Court Award:   $399,371.87.

    5.033% per annum = $20, 100.39

    $20, 100.39 x   1.33 years (from February 1, 2007 through June 1, 2008)

    **Pre-Judgment Interest Due:**       **$26,733.52**

**PLAINTIFF'S PROPOSED PARAGRAPH 4: TOLTEST AND BERKLEY SHALL BE JOINTLY AND SEVERALLY LIABLE TO ACME FOR POST-JUDGMENT INTEREST, PURSUANT TO 28 U.S.C. §1961, FROM THE DATE OF THIS JUDGMENT UNTIL THIS JUDGMENT IS FULLY PAID, SATISFIED, AND DISCHARGED.**

    **DEFENDANTS' RESPONSE**:   No objection.

    Respectfully submitted,

    /s/ Kimberly A. Conklin
    KIMBERLY A. CONKLIN (Ohio #0074726)
    RICHARD M. KERGER  (Ohio #0015864)
    KERGER & ASSOCIATES
    33 S. Michigan St., Suite 100
    Toledo, Ohio 43604
    Telephone: (419) 255-5990
    Fax: (419) 255-5997
    Email: rkerger@kergerkerger.com

    William J. Lamping, Esq. (P- 30785)
    VESTEVICH, MALLENDER, DUBOIS

    & DRITSAS. P.C.
6905 Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48301
Telephone: (248) 642-1920
Fax: (248) 642-2095
Email: wlamping@vmddlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing has been electronically filed this 27th day of May 2008.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and in accordance with local rules and the Federal Rules of Civil Procedure.

    /s/ Kimberly A. Conklin