UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Acme Contracting, Ltd.,

    Plaintiff,

v.                                               Case No. 07-10950

Toltest, Inc. *et al.*,                      Honorable Sean F. Cox

    Defendants.
_____/

## OPINION REGARDING INTEREST AND FINAL JUDGMENT

Following a bench trial, this Court issued an Opinion on May 5, 2008, in which it awarded Plaintiff Acme Contracting, Ltd. ("Acme") a damage award of $2,025,330.65. The Opinion directed the parties to "meet and confer in order to submit to the Court, within fourteen (14) days of the date of t[he] Opinion, a proposed final judgment, which includes calculation of applicable interest." (5/5/08 Opinion at 31).

On May 19, 2008, Acme submitted a "Notice of Proposed Judgment Under E.D. Mich. L.R. 58.1", along with a proposed judgment. (Docket Entry No. 65). In response, on May 27, 2008, Defendants filed "Objections to Plaintiff's Proposed Final Order," along with their own proposed judgment. (Docket Entry No. 66). Acme then submitted a short brief in response to the objections on June 27, 2008.

While the parties agree on several aspects of the final judgment that should be issued in this case, there are several issues that must be determined by the Court. For the reasons that follow, the Court shall issue a final judgment as described below.

A.    <u>Opening Language</u>:

1

As reflected in their respective proposed judgments, the parties agree on the following opening language for the final judgment in this matter:

> WHEREAS trial in this matter took place over several days in March 2008, the parties having called their witnesses and presented evidence in support of their respective legal positions, and the Court having found in favor of Plaintiff ACME Contracting, Ltd. ("ACME") and against Defendants TolTest, Inc., ("TolTest") and Berkley Regional Insurance Company ("Berkley"), pursuant to the Court's Opinion dated May 5, 2008 (D/E 64);
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

(Pl.'s Proposed Judgment at 1-2; Defs.' Proposed Judgment at 1-2).

B.  <u>Damages</u>:

As to the first paragraph of the body of the judgment, both parties agree that it should state that TolTest and Berkley are jointly and severally liable to Acme for $2,025,330.65. Acme's proposed judgment contains more detail as to the nature of the damages, while TolTest' proposed judgment has less detail and simply refers to the Opinion and Order.  The Court concludes that the judgment should contain TolTest's proposed simplified language as the first paragraph:

> TolTest and Berkley shall be jointly and severally liable to ACME in the amount of $2,025,330.65 for damages in accordance with the Court's Opinion of May 5, 208, and costs thereon.

(TolTest's Proposed Judgment at ¶ 1).

C.  <u>Post-Judgment Interest</u>:

Both parties agree that the Judgment should contain the following language, in the judgment's final paragraph, relating to post-judgment interest:

> TolTest and Berkley shall be jointly and severally liable to ACME for post-judgment interest, pursuant to 28 U.S.C. § 1961, from the date of this Judgment until this Judgment is fully paid, satisfied, and discharged.

(Acme's Proposed Judgment at ¶ 4; TolTest's Proposed Judgment at ¶ 4).  Thus, this paragraph will be included in the judgment as the final paragraph.

D.  Common Law Interest & Prejudgment Interest:

The real dispute between the parties involves the issues of common law interest and prejudgment interest.

In its proposed judgment, Acme requests the following paragraphs relating to common law interest and prejudgment interest:

> 2. TolTest and Berkley shall be jointly and severally liable to ACME for common law interest, from July 31, 2006 through January 31, 2007, pursuant to MCL § 438.31 and MCL § 438.7. in the amount of $51,326.87;
>
> 3. TolTest and Berkley are also jointly and severally liable to ACME for prejudgment interest, pursuant to MCL §600.6013, in the amount of $147,211.12 from February 1, 2007 through May 19, 2008, and which shall continue to accrue until entry of this Judgment at a per diem rate of $29590;

(Acme's Proposed Judgment at ¶¶ 2 & 3).

1.  Common Law Interest:

In objecting to Acme's request for common law interest of $51,326.87, Defendants contend that no such amount should be awarded because the Court did not award Acme any common law interest, and Acme did not plead or prove any common law interest at trial. Defendants acknowledge that common law interest may be awarded as an element of damages under Michigan law.  They contend, however, that such damages must be pled, proved and awarded by the Court.  Defendants contend that the only interest Acme pled and proved at trial was the interest associated with its line of credit and that amount is already included in the Court's damage award.

In response to Defendants' objections, Acme states that the common-law doctrine of awarding interest as an element of damages has long been recognized in Michigan, that such an award is warranted where it is necessary to allow full compensation, and that whether to award precomplaint interest as an element of damages is a discretionary decision to be made by the trier of fact.

As Defendants correctly note, the Court already awarded Acme $136,800.00, as part of the damage award, to compensate Acme for the credit line it incurred. That is the only interest that Acme specifically requested at trial. Thus, the Court does not believe that Acme pled or proved entitlement to any additional common law interest. The Court therefore declines to award the requested common law interest.

    2.    <u>Prejudgment Interest</u>:

In objecting to Acme's request for prejudgment interest, Defendants contend that the Court must apply either Ohio or Michigan law depending on the nature of the award. They contend that because the contract provides that it is to be governed by Ohio law, any damages awarded under the contract would have prejudgment interest calculated based on Ohio law, not Michigan law. Defendants do not object to an award of prejudgment interest, under Michigan's M.C.L. §600.6013, as to the Court's award of $399,371.87 in quantum meruit damages because those damages were awarded under Michigan law, not under the Ohio-governed contract. Defendants calculate the amount of prejudgment interest owed as to the quantum meruit award as $26,733.52 and Acme has not disputed that calculation. (*See* Defs.' Objs. at 8).

With respect to the remaining damages, which were awarded based upon the Ohio-governed contract, Defendants contend that prejudgment interest must be calculated based upon

Ohio law. Defendants contend that under Ohio law governing prejudgment interest, a total of $44,812.04 in prejudgment interest should be awarded on the contract damage award.

In Acme's brief responding to Defendants' objections, Acme agrees that in diversity cases, state law is applied to awards of prejudgment interest, but it does not address the fact that here, the contract expressly provides that it is to be governed by Ohio law. Acme also fails to distinguish this case from those cited in Defendants' brief. In addition, Acme does not dispute Defendants' calculations as to the amount of prejudgment interest that should be awarded if Ohio prejudgment law applies to the contract damage award.

The Court concludes that Defendants are correct in their position that Ohio law, not Michigan law, should be applied to the award of prejudgment interest as to the damages awarded under the contract. The Sixth Circuit has explained that "[i]n diversity case in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest." *Federal Deposit Insur. Corp. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000). In that case, "a federal district court in Michigan tried a breach of contract action under Texas law" and the Sixth Circuit "concluded that the district court properly considered the Texas rate, rather than the Michigan rate, to determine the prejudgment interest on the damages awarded for breach of contract." *Truform, Inc. v. General Motors Corp.*, 80 Fed.Appx. 968, 975 (6th Cir. 2003).

Accordingly, the Court shall award: 1) $26,733.52 in prejudgment interest, under M.C.L. § 600.6013, with respect to the quantum meruit damages; and 2) $44,812.04 in prejudgment interest, under Ohio Revised Code 1343.03(A), with respect to the damages awarded under the contract.

A final judgment consistent with this Opinion shall issue forthwith.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2008, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager