UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Acme Contracting, Ltd.,

    Plaintiff,

v.                                                      Case No. 07-10950

Toltest, Inc. *et al.*,                        Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER
## REGARDING SUPERSEDEAS BOND

Following a bench trial, this Court issued an Opinion awarding Plaintiff Acme Contracting, Ltd. ("Acme" or "Plaintiff") a damage award of $2,025,330.65. Following additional briefing by the parties relating to applicable interest, the Court issued the final judgment in this matter on July 17, 2008. The matter is currently before the Court on the following two motions filed by Defendants: 1) "Motion for Stay of Execution Pending Approval of Supersedeas Bond," filed on August 6, 2008; and 2) "Motion for Approval of Supersedeas Bond", filed on August 14, 2008. For the reasons below, Defendants' "Motion for Stay of Execution Pending Approval of Supersedeas Bond" (Docket Entry No. 72) shall be denied. Defendants' "Motion For Approval Of Supersedeas Bond" (Docket Entry No. 78) shall be granted to the extent that the Court approves a supersedeas bond in the requested amount. The Court shall also order additional briefing regarding additional issues.

BACKGROUND

1

Following a bench trial, this Court issued an Opinion on May 5, 2008, in which it awarded Plaintiff a damage award of $2,025,330.65. (Docket Entry No. 64). The Opinion directed the parties to "meet and confer in order to submit to the Court, within fourteen (14) days of the date of t[he] Opinion, a proposed final judgment, which includes calculation of applicable interest." (5/5/08 Opinion at 31).

The parties could not reach agreement, however, as to the amount of interest to be awarded. After full briefing by the parties, the Court issued an Opinion on July 17, 2008, regarding the amount of interest to be awarded. (Docket Entry No. 68). On July 17, 2008, the Court also entered the final judgment in this matter. (Docket Entry No. 69). Pursuant to the judgment, Plaintiff was awarded damages of $2,025,330.65, prejudgment interest of $71,545.56, for a total of $2,096,876.21. (*Id*.).

Pursuant to FED. R. CIV. P. 62(a), execution on the judgment was automatically stayed for a period of ten days (i.e., until July 27, 2008). During that ten day period, Defendants did not file a notice of appeal, nor did they file a supersedeas bond or request court approval of same.

On August 6, 2008, Plaintiff served a writ of garnishment on The Whiting Turner Construction Company and on Fifth Third Bank. (*See* Exs. 1&2 to Docket Entry No. 74). The Garnishee Disclosure form from Fifth Third Bank indicates that sufficient funds to satisfy the judgment are currently in Defendant Toltest's account with Fifth Third Bank. (*Id*. at Ex. 3). Plaintiff's counsel states that a representative from Fifth Third Bank advised that the funds will be held for the required twenty-eight (28) days and, if no objection is lodged by Toltest, the funds will be distributed to counsel for Plaintiff. (Docket Entry No. 74 at 2).

On August 6, 2008, Defendants filed a "Motion for Stay of Execution Pending Approval

2

of Supersedeas Bond" (Docket Entry No. 72). In that motion, Defendants state that it intends to file a notice of appeal in this action no later than August 18, 2008, and that it intends to obtain a supersedeas bond. Defendants state that they are "proceeding as quickly as possible to obtain the bond" but do not explain why they were unable to obtain a bond within the ten day automatic stay provided by FED. R. CIV. P. 62(a). Defendants' motion asks the Court to exercise its discretion and enter an order granting a stay of execution as to the judgment until such time that Defendants are able to obtain and file a supersedas bond for approval by the Court.

Plaintiff filed a response in opposition to the motion, asserting that is no basis for requested relief. Plaintiff emphasizes that Defendants had more than three months following this Court's May 5, 2008 Opinion & Order to "familiarize themselves with the appellate process and to secure a supersedeas bond."

On August 14, 2008, Defendants filed a reply brief that states, in pertinent part, as follows:

> Acme's current attempts at garnishment are the very reason TolTest seeks a temporary stay until it is able to post a superedeas bond. Acme has created unnecessary paper work and proceedings [sic] will require TolTest to file objections to garnishments that will be rendered moot as soon as the Court approved [sic] TolTest's supersedeas bond.

(Docket Entry No. 75 at 1-2). On that same date, Plaintiff filed a "Sur-Reply" brief stating:

> TolTest has no one to blame but itself for not having a supersedeas bond filed with the Court before execution on the Judgment commenced. More importantly, TolTest cannot now retroactively seek the relief the supersedeas bond provides once the garnishment has frozen assets sufficient to satisfy the Judgment. That is the real issue at hand, and as provided for in ACME's Reply Brief [D/E 74], TolTest's procurement of an appeal bond does nothing to affect the money in the Fifth Third Account.

(Docket Entry No. 76).

ANALYSIS

A. <u>Defendants' "Motion for Stay of Execution Pending Approval of Supersedeas Bond" (Docket Entry No. 72) Shall Be Denied As Moot And For Lack Of Merit</u>.

To the extent that this Court has the discretion to enter an order granting a stay of execution as to the judgment before Defendants have obtained a supersedeas bond, the Court declines to exercise such discretion. Moreover, the Court believes that this motion is now moot, given the filing of Defendants' "Motion for Approval of Supersedeas Bond" on August 14, 2008, which shall be discussed below.

B. <u>Defendants' "Motion For Approval Of Supersedeas Bond" (Docket Entry No. 78) Shall Be Granted To The Extent That The Court Approves A Supersedeas Bond In The Requested Amount.</u>

It is apparent from the parties' briefs that Plaintiff does not oppose Defendants' request for Court approval of a supersedeas bond in the amount requested by Defendants, $2,400,000. Moreover, at the hearing held on August 28, 2008, Plaintiff's counsel confirmed on the record that Plaintiff has no objection to the Court approving a supersedeas bond in the amount requested by Defendants. Accordingly, the Court shall GRANT Defendants' Motion for Approval of Supersedeas Bond.

CONCLUSION & ORDER

**IT IS ORDERED** that Defendants' "Motion for Stay of Execution Pending Approval of Supersedeas Bond" (Docket Entry No. 72) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Approval of Supersedeas Bond (Docket Entry No. 78) is **GRANTED** and that the supersedeas bond posted in the amount of $2,400,000 is hereby **APPROVED**. The Court further **ORDERS** that said bond be filed immediately.

The granting of the above motion, however, does not resolve all the issues before the Court relating to the supersedeas bond and the writ of garnishment to Fifth Third Bank. As stated on the record on August 28, 2008, the parties shall brief the following remaining issues:

1) Does the Court's approval of the supersedeas bond apply retroactively to extinguish the Fifth Third Bank garnishment?

2) If not, are Defendants' objections to the Fifth Third Bank garnishment valid (i.e., are the funds in Toltest's Fifth Third Bank account, located in Cincinnati, exempt from the Court's July 17, 2008 judgment?)

Each party shall file a memorandum of law in support of its position on the above issues, of no more than 10 pages, by **September 8, 2008.** If the parties wish to file a reply to the opposing party's memorandum, they may file a reply brief of no more than 5 pages no later than **September 15, 2008.**

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager